# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| WILLIAM THOMPSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:10-cv-00388 |
| | ) | Judge Trauger |
| JIM MORROW, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## M E M O R A N D U M

**I.   INTRODUCTION AND BACKGROUND**

The petitioner, William Thompson, is an inmate at the Southeastern Tennessee State Regional Correctional Facility in Pikeville, Tennessee, currently serving a sentence of life with no specified release eligibility. Before the court is the petitioner's *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 in which the petitioner challenges the legality of his confinement under a judgment of the Davidson County Criminal Court convicting him of rebellion with intent to kill or escape. *See State v. Black*, 745 S.W.2d 302 (Tenn. Crim. App. 1987). The petitioner names Jim Morrow, the Warden, and the State of Tennessee as the respondents.

In 1985, a Davidson County Criminal Court jury convicted William Thompson of rebellion with intent to kill or escape. Following his conviction, he received a total effective sentence of life, forty percent of which was to be served in confinement before becoming eligible for release. On appeal, the Tennessee Court of Criminal Appeals affirmed the petitioner's conviction.

Subsequently, the petitioner filed in the Bledsoe County Circuit Court a petition for a writ of *habeas corpus*, alleging that he was illegally sentenced. The Bledsoe County Circuit Court

granted the petition and transferred the case to the Davidson County Criminal Court, the convicting court, for sentencing in compliance with Tennessee Code Annotated § 40-35-501(f)(1982). *Thompson v. State*, No. M2005-01947-CCA-R3-HC, 2006 WL 3093205, at *1 (Tenn. Crim. App. Nov. 1, 2006). After considering the issue, the Davidson County Criminal Court determined that the proper sentence under the convicting statute was "'a life sentence with no specified release eligibility' and that the release eligibility for the [petitioner's] life sentence was thirty years under then-effective Tennessee Code Annotated section 40-35-501 (1982)." *Id.* Therefore, the Davidson County Criminal Court entered an amended judgment of conviction which imposed a sentence of life without a specified release eligibility percentage.

The petitioner appealed the Davidson County Criminal Court's order, claiming that "'the illegality of the original sentence imposed was so egregious that the sentence must be deemed void.'" *Id.* On appeal, the Tennessee Court of Criminal Appeals concluded that the amended judgment was not illegal. *Id.*

Thereafter, the petitioner filed in the Bledsoe County Circuit Court another petition for a writ of *habeas corpus*, alleging that the Davidson County Criminal Court did not have jurisdiction to enter an amended judgment and that the court erroneously utilized the Criminal Sentencing Reform Act of 1982 to determine his sentence when the 1989 Sentencing Act should have been employed. The Bledsoe County Circuit Court denied the petition without conducting an evidentiary hearing, finding that the amended judgment was not illegal. *Thompson v. Lewis*, No. E2007-0755-CCA-R3-HC, 2008 WL 1749041 (Tenn. Crim. App. April 15, 2008). The Tennessee Supreme Court denied the petitioner's request for permission to appeal on August 25, 2008. *Id.*

The Clerk filed the petitioner's instant *pro se* petition for a writ of *habeas corpus* in this court on August 21, 2010. (Docket No. 1). In his petition, the petitioner asserts four grounds for relief. Pursuant to Habeas Rule 5, the court entered an order on May 19, 2010, that the respondent answer or otherwise respond to the petition. (Docket No. 4). The court expressly instructed the respondent to address whether this case is a "second or successive" petition under 28 U.S.C. § 2244(b)(3)(A), specifically discussing the significance, if any, of the § 2254 petition filed by Thompson on March 28, 2001, in this court (Case No. 3:01-cv-00298). (Docket No. 4 at pp. 1-2).

In response, the respondent filed a motion to dismiss and accompanying memorandum urging the court to deny the petition and dismiss the action. (Docket Nos. 17, 18 ). The petitioner has not replied. In its memorandum filed in support of its motion to dismiss, the respondent addresses the court's concern regarding whether the instant petition should be considered a "second or successive" petition under § 2244(b)(3)(A). (Docket No. 18 at pp. 1-2).[1] The respondent explains that, even though the instant petition is the petitioner's second petition for *habeas corpus* relief under § 2254, the petitioner's first petition (Case No. 3:01-cv-298) challenged his 1985 sentence and conviction whereas the instant petition challenges the correction to his sentence enacted by the Davidson County Criminal Court in 2005; thus, the instant petition should not be considered a "second or successive" petition. *Lang v. United States*, 474 F.3d 348, 352-53 (6th Cir. 2007)(explaining that courts have not construed "second or successive" to encompass all habeas petitions that are "numerically" second in the sense that they are literally the second motion filed). The court agrees.

---

[1] The court's ability to ascertain whether the instant petition was a "second or successive" petition was impeded by the lack of access to certain documents at the time of the entry of its May 19, 2010 order. (Docket No. 4 at p. 2 n.1).

Having settled that issue, the court now turns to the grounds for relief set forth in Thompson's instant habeas petition.

## II. ANALYSIS

Title 28 U.S.C. § 2254, as amended by the AEDPA, provides the following with respect to granting a writ of *habeas corpus* to prisoners who are in custody pursuant to a state court judgment:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Where state courts have made factual determinations regarding issues presented for federal *habeas corpus* review, such determinations are presumed to be correct, and the petitioner has the burden of rebutting that presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see Miller-el v. Cockrell*, 537 U.S. 322, 324 (2003). The purpose of federal *habeas corpus* review is to "ensure that state court convictions are given effect to the extent possible under the law," not to conduct a federal re-trial. *Bell v. Cone*, 535 U.S. 685, 693 (2002).

**A. As to Claim I, petitioner has failed to state a cognizable claim under 28 U.S.C. § 2254.**

The petitioner alleges that the Bledsoe County Court violated his due process rights by failing to issue written findings of fact in denying his most recent state habeas petition. (Docket No. 1 at pp. 22-24). However, the petitioner's allegation does not state a claim of constitutional

4

dimension. "'Section 2254 only authorizes federal courts to review the constitutionality of a state criminal conviction, not infirmities in a state post-conviction relief proceeding. Because there is no federal constitutional requirement that states provide a means of post-conviction review of state convictions, an infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas petition.'" *Miller v. Parker*, No. 3:07-cv-426, 1010 WL 925797, at *3 (E.D. Tenn. March 9, 2010)(quoting *Williams-Bey v. Trickey*, 894 F.2d 314, 317 (8th Cir. 1990)). Thus, the petitioner's Claim I, which alleges an infirmity in his state post-conviction proceeding, does not state a cognizable claim under § 2254.

**B.     As to Claim I, no Certificate of Appealability shall issue.**

When the district court denies a ground for relief on the merits in a *habeas corpus* action, a certificate of appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the standard being whether "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the petitioner has not made a substantial showing of a constitutional right, a COA will not issue with respect to the petitioner's first ground for relief.

**C.     As to Claims II and III, petitioner has failed to state cognizable claims under 28 U.S.C. § 2254**.

In Claims II and III of the petition, the petitioner alleges that the Davidson County Criminal Court lacked jurisdiction (1) to amend a sentence that had been vacated by the Bledsoe County Circuit Court and (2) to enter an amended judgment where the original judgment had been final for more than 120 days. (Docket No. 1 at pp. 24-27).

5

A petition for federal *habeas corpus* relief may only be granted when it is found that a citizen is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); *Pulley v. Harris*, 465 U.S. 37, 41 (1984). Because federal *habeas corpus* relief is only available to remedy errors of a federal nature, a claim that a conviction is the result of a state court's misapplication of state law is not cognizable unless the petitioner can establish such error amounts to a fundamental miscarriage of justice or a violation of the right to due process in violation of the United States Constitution. *Floyd v. Alexander*, 148 F.3d 615, 619 (6th Cir. 1998); *see Abshear v. Moore*, 354 Fed. Appx. 964, 968 (6th Cir. 2009)(federal *habeas corpus* relief does not lie for errors of state law).

Here, the petitioner complains that, because the convicting court lacked jurisdiction to alter his sentence, "his sentence was imposed in violation of the law." (*See* Docket No. 1 at p. 27). However, the petitioner does not identify the specific *federal* statute or constitutional provision on which his argument is based. Instead, the petitioner contends that the convicting court lost jurisdiction to amend his judgment *under Tennessee law,* once the judgment became final one hundred and twenty (120) days after the conviction. (*See* Docket No. 1 at pp. 24-25)(citing Tennessee cases for the proposition that, once a judgment is final it cannot be modified). The petitioner's contention that he was re-sentenced in violation of state law does not present a viable federal claim. *See Abshear*, 354 Fed. Appx. at 968; *Grant v. Brigano*, No. C-1-03-896, 2007 WL 2782742, at *9 (S.D. Ohio. Sept. 24, 2007)(finding that the court was precluded from reviewing a claim to the extent that petitioner contends he is entitled to relief based on alleged violations of statute statutory and constitutional law, because "[a] federal court may review a state prisoner's habeas petition only on the ground that the challenged confinement violates the Constitution, laws

or treaties of the United States, and not 'on the basis of a perceived error of state law.'")(quoting 28 U.S.C. § 2254 and *Pulley v. Harris*, 465 U.S. 37, 41 (1984)); *Foulks v. Carlton*, No. 2:06-cv-263, 2008 WL 2783517, at *5 (E.D. Tenn. July 16, 2008)(finding that petitioner's challenge to the enhancement of his sentence on direct appeal concerns "purely an issue of state law" and, as such, is not cognizable in federal *habeas corpus* proceedings).²

The determination of whether a state court is vested with jurisdiction under state law is a function of the state courts, not the federal judiciary. *Wills v. Egeler*, 532 F.2d 1058, 1058 (6th Cir. 1976). Because this court must accept as valid a state court's interpretation of the statutes and rules of practice of that state, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991), the petitioner fails to state a claim upon which federal *habeas corpus* relief can be granted.

Even if the court were to liberally construe Claims II and III to allege a violation of federal law, these claims would be procedurally defaulted because they were neither presented nor analyzed under federal theories in state court. A review of the record shows that Thompson's federal petition is substantially identical to the brief he filed with the Tennessee Court of Criminal Appeals in his second state habeas appeal. As the brief did not contain any citations to federal statutes or constitutional provisions with respect to Claims II and III, the brief did not sufficiently put that court on notice that Thompson intended to allege federal claims related to his resentencing. *See Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006)(a petitioner is deemed to have raised a federal

---

² The petitioner also cites the case of *United States v. Stinson*, 97 F.3d 466 (11th Cir. 1996), for the proposition that, when a criminal sentence is vacated, it becomes void in its entirety. However, *Stinson* concerns the law governing the Eleventh Circuit; it is not controlling authority on this court. Furthermore, even if this court were inclined to follow the reasoning in *Stinson*, it is unclear how *Stinson* (holding that, when a sentence a vacated and the case is remanded for resentencing, the district court is free to reconstruct the sentence using any of the sentence components) helps the petitioner in this case, where the petitioner complains of the conduct of state trial courts on resentencing. Had the petitioner been sentenced to a harsher punishment on resentencing, the Due Process Clause of the Fifth Amendment might have been implicated. *See* Stinson, 97 F.3d at 470. However, the petitioner here received a lighter sentence on resentencing.

constitutional claim by relying on federal cases employing constitutional analysis, relying on state cases employing constitutional analysis, phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific right, or alleging facts well within the mainstream of constitutional law)(citing *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003)).

It is axiomatic that a state defendant with federal constitutional claims must first fairly present those claims to the state courts for consideration before raising them in a federal *habeas corpus* action. *See* 28 U.S.C. § 2254(b)(1),(c). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirements. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). If the state defendant fails to fairly present his claims, he may have waived the unraised claims for purposes of federal *habeas corpus* review. *See Weaver v. Foltz*, 888 F.2d 1097, 1099 (6th Cir.1989). If, because of a procedural default, a petitioner can no longer present his claims to a state court, he has waived them unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional errors, or that failure to consider the claims will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle v. Isaac*, 456 U.S. 107, 129 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

Because Thompson did not present Claims II and III to the Tennessee Court of Criminal Appeals[3] as federal issues, Thompson waived those claims for the purposes of *federal habeas* corpus review. Consequently, the petitioner is now barred by his procedural default from pursuing relief in the state courts of Tennessee. Thompson fails to argue cause and prejudice to excuse his

---

[3] In addition, the court notes that **all** of the petitioner's claims are procedurally defaulted because the petitioner never presented his claims to the highest available state court in Tennessee, the Tennessee Supreme Court, for review.

default. Nor has he made a colorable showing of actual innocence so as to demonstrate a fundamental miscarriage of justice which would permit review of his defaulted claims. Accordingly, Claims II and III, if construed as asserting federal violations, are procedurally defaulted and waived for purposes of federal *habeas corpus* review. Claims II and III, therefore, must be dismissed.

**D.     As to Claims II and III, no Certificate of Appealability shall issue.**

When the district court denies a ground for relief on the merits in a *habeas corpus* action, a certificate of appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the standard being whether "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the petitioner has not made a substantial showing of a constitutional right as to Claims II and III, a COA will not issue with respect to these claims.

**E.     As to Claim IV, petitioner has failed to state a cognizable claim under 28 U.S.C. § 2254**.

Thompson's fourth and final ground for relief in his federal *habeas* petition is that, when his sentence was amended in 2005, the amendment should have been performed under 1989 sentencing law, rather than under the law as it existed at the time of his conviction in 1985. (Docket No. 1 at pp. 27-28). Thompson alleges that the alteration of his sentence in accordance with the effective law at the time of his conviction, rather than in accordance with its subsequent amendments, violates Tennessee Code Annotated § 40-35-117. (*Id*. at p. 28). Like Claims II and III, then, this Claim is based in state law and fails to state a cognizable claim under § 2254. *Pulley*, 465 U.S. 37, 41; *Floyd*, 148 F.3d 615, 619; *Abshear*, 354 Fed. Appx. 964, 968.

To the extent that the claim is liberally construed to allege a federal constitutional due

process challenge,[4] the claim is procedurally defaulted because it was not specifically brought under a federal due process theory in state court. The petitioner has shown no just cause for why he did not fairly present his federal claim to the state court or why the failure to review his habeas petition would result in a miscarriage of justice. In short, Claim IV fails to state a cognizable claim under § 2254 and must be dismissed.

**F.    As to Claim IV, no Certificate of Appealability shall issue.**

When the district court denies a ground for relief on the merits in a *habeas corpus* action, a certificate of appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the standard being whether "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the petitioner has not made a substantial showing of a constitutional right as to Claim IV, a COA will not issue with respect to that claim.

**III.    CONCLUSION**

Accordingly, the petition is hereby DENIED, and this action is dismissed for failure to state a claim upon which *habeas corpus* relief can be granted. Rule 4, Rules - - - § 2254 Cases. This action therefore will be DISMISSED, and a COA will not issue as to any of the claims. Because an appeal from the judgment of the court would not be taken in good faith, the petitioner will not

---

[4] As to Claim IV, the petition does not cite to any federal statute or constitutional provision, nor does it cite to any case law employing federal constitutional or statutory analysis. General statements that the petitioner was denied a "fair trial" and "due process" are not sufficient to put state courts on notice of specific federal constitutional claims in the absence of a citation to case law employing federal constitutional analysis. *Fulcher v. Motley,* 444 F.3d 791, 798 (6th Cir. 2006).

be certified to appeal the judgment of the court *in forma pauperis*.

An appropriate order will enter.

_____
Aleta A. Trauger
United States District Judge